**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br>Bernard John Przybylski, Jr.,<br>       Debtor,<br><br>Bernard John Przybylski, Jr.,<br>       Appellant,<br>vs.<br>Wells Fargo Bank, N.A.; Edward J. Maney,<br>       Appellees. | No. CV-11-01708-PHX-NVW<br><br>**ORDER** |

Before the Court is Appellant's Objection to Foreclosure Sale and Motion to Set Aside Sale and to Stay Final Judgment Pending Appeal (Doc. 8). At a hearing on August 12, 2011 before the Bankruptcy Court, Wells Fargo and Tiffany and Bosco's motions to dismiss were granted on the basis that Przybylski's claims were barred by res judicata. In light of the dismissal of his claims, Przybylski requested that the trustee's sale, which was scheduled to take place August 15, 2011, would not "happen until after [Przybylski's] appeal." (Doc. 8 at 20.) The Bankruptcy Court agreed to "grant that request[,]" stating that there was to be "no sale for at least two weeks from the scheduled sales date next week to give [Przybylski] an opportunity to seek further relief if he so chooses." (*Id.*) On August 23, 2011, Przybylski filed a notice of appeal and a motion to stay the pending his appeal. (Doc. 9 at 3.) On August 29, 2011, before a ruling was issued on Przybylski's pending motion to stay, Wells

Fargo conducted the trustee's sale.  Przybylski now seeks to set aside the sale on the basis that Wells Fargo did not comply with the Bankruptcy Court's instructions to postpone the trustee's sale.  He also seeks a stay pending his appeal.

While there is some ambiguity in the hearing transcript regarding Przybylski's request to stay the trustee's sale, Wells Fargo's action in conducting the trustee's sale where (1) more than two weeks had passed from the August 15, 2011 scheduled sale's date, and (2) Przybylski had not obtained a stay or otherwise obtained relief from the pending sale, complied with the court's statement that "[t]here is to be no sale for at least two weeks from the scheduled sales date next week to give [Przybylski] an opportunity to seek further relief if he so chooses."  (Doc. 8 at 20.)  Indeed, the Bankruptcy Court ultimately denied Przybylski's motion for a stay pending appeal, concluding that Przybylski had "not shown any likelihood of success on appeal." (Doc. 10-1.)  The Court will therefore not set aside the sale based on Przybylski's claim that it violated any "stay" imposed by the Bankruptcy Court.

Further, the Court has considered Przybylski's request for a stay pending appeal on the merits and similarly finds it wanting.  Because Przybylski's claims appear to be barred by res judicata, he has failed to show a likelihood of success on appeal; further, because the trustee's sale has already been conducted, Przybylski will not suffer any further injury if a stay is not granted.  *See Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1761 (2009) (noting courts consider the likelihood of success on the merits and whether irreparable injury would result absent a stay as factors in determining whether to grant stay). For these reasons, the Court will deny Przybylski's motion.  (Doc. 8.)

IT IS THEREFORE ORDERED that Appellant's Objection to Foreclosure Sale and Motion to Set Aside Sale and to Stay Final Judgment Pending Appeal (Doc. 8) is denied.

DATED this 1st day of November, 2011.

_____
Neil V. Wake
United States District Judge